KELLEY DRYE & WARREN LLP
  Michael J. O'Connor (State Bar No. 090017)
  David E. Fink (State Bar No. 169212)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone:   (310) 712-6100
Facsimile:    (310) 712-6199
moconnor@kelleydrye.com
dfink@kelleydrye.com

KELLEY DRYE & WARREN LLP
  Laurence J. Lasoff (*Pro Hac Vice*)
  Ira T. Kasdan (*Pro Hac Vice*)
  Joseph D. Wilson (*Pro Hac*)
Washington Harbour, Suite 400
3050 K Street, N.W.
Washington, DC  20007
Telephone:   (202) 342-8400
Facsimile:    (202) 342-8451
jwilson@kelleydrye.com
llasoff@kelleydrye.com
ikasdan@kelleydrye.com

Attorneys for Plaintiff MAYFAIR HOUSE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAYFAIR HOUSE INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF WEST HOLLYWOOD, CALIFORNIA<br><br>Defendant. | Case No.  CV 13-07112 GHK (RZx)<br><br>**PLAINTIFF MAYFAIR'S CONSOLIDATED OPPOSITION TO HSUS AND ALDF'S MOTIONS FOR LEAVE TO FILE *AMICI CURIAE* BRIEFS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing on HSUS's Motion For Leave: Jan. 6, 2014, 9:30 a.m. before Judge George H. King<br><br>Hearing on ALDF Motion For Leave: Jan. 13, 2014, 9:30 a.m. before Judge George H. King |

DC01\WilsJo\524505.2

PLAINTIFF MAYFAIR'S CONSOLIDATED OPPOSITION TO HSUS AND ALDF'S MOTIONS FOR LEAVE TO FILE *AMICI CURIAE* BRIEFS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Mayfair House Inc. ("Mayfair"), by and through its attorneys, Kelley Drye & Warren LLP, respectfully submits this consolidated opposition to two Motions for Leave, one filed by non-party, The Humane Society of the United States ("HSUS"), on November 29, 2013 [Dckt. # 29], and the other (recently re-filed) by non-party, the Animal League Defense Fund ("ALDF") on December 4, 2013 [Dckt. # 35]. Each Motion for Leave asks that the movant be granted leave to submit an *amicus* brief in support of Defendant West Hollywood's Motion to Dismiss [Dckt. #22] Mayfair's First Amended Complaint. Because both Motions for Leave seek the same relief, Mayfair is filing one consolidated Opposition in response to both.

For reasons explained below, Mayfair respectfully submits that each Motion for Leave should be denied.

## ARGUMENT

The following factors are frequently used to guide courts in their discretion in deciding whether to grant or deny an entity leave to participate as an *amicus*: (1) whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to allowing the *amicus*'s participation in the case; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus*'s interests; and, perhaps most importantly, (5) the usefulness of information and argument presented by the potential *amicus* to the court. *See, e.g., Ass'n of Am. Sch. Paper Suppliers*, 683 F. Supp. 2d 1326, 1328 (Ct. Int'l Trade 2010) (*citing Advanced Sys. Tech. Inc. v. United States*, 69 Fed. Cl. 355, 357 (2006)). *See also Village of Elm Grove v. Py*, 724 F. Supp. 612, 613 (E.D. Wisc. 1989); *Wildearth Guardians v. Lane*, CIV 12-118 LFG/KBM, slip op. at 3-4 (D.N.M. June 20, 2012), appended hereto as Appx. A. These factors weigh heavily in favor of <u>denying</u> both Motions for Leave.

///

DC01\WilsJo\524505.2    1
PLAINTIFF MAYFAIR'S CONSOLIDATED OPPOSITION TO HSUS AND ALDF'S MOTIONS FOR LEAVE
TO FILE *AMICI CURIAE* BRIEFS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## A. ALDF and HSUS Are Biased

With respect to the first factor, ALDF is not merely interested in the legal issues and outcome of this case; rather, ALDF has a strong bias toward seeing the Ordinance upheld because it worked on drafting the Ordinance, as evidenced below. *See Gabriel Technologies Corp. v. Qualcomm Inc.*, NO. 08CV1992 AJB MDD, 2012 WL 849167, at *5 (S.D. Cal., Mar 13, 2012) (denying leave to submit an *amicus* report because, in part, the proposed amicus's "reference to cases and analysis are generally biased") (unpub'd).[1] Given that work, ALDF has an intimate connection to facts that are likely to be central to this case, and, as a result, ALDF will have every incentive to give a partisan view of such facts. *See New England Patriots Football Club v. Univ. of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) ("an amicus is, namely, one who, 'not as parties, . . . but, just as any stranger might, 'for the assistance of the court gives information of some matter of law in regard to which the court is doubtful or mistaken,' rather than one who gives a highly partisan . . . account of the facts.") (citations omitted).

ALDF's bias and nexus to central case facts are evident based on ALDF's own press release regarding West Hollywood's fur ban Ordinance which is at the center of this case. The press release provides in pertinent part that:

> . . . **Armed with model language provided by the Animal Legal Defense Fund**, the City Attorney of West Hollywood drafted an ordinance prohibiting the sale of fur apparel products in the city limits. "West Hollywood is the country's vanguard for advances in animal protection law," says Stephan Otto, director of legislative affairs for the Animal Legal Defense Fund. "As with their retail pet sales ban, **we worked to assist in pushing the fur ban proposal forward by providing the city with model language. We also**

---

[1] *See also Ass'n of Am. Sch. Paper Suppliers*, 683 F. Supp. 2d at 1328 (interest of entity in case is factor in whether to grant it *amicus* status); *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999) ("Historically, *amicus curiae* is an **impartial individual** who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another.") (bold added). *But cf. Hoptowit v. Ray*, 682 F.2d 1237, 1261 (9th Cir. 1982) (stating that proposed *amicus* does not have to be totally disinterested).

> **supplied legal research on the proposal to help build support for this momentous new law."**
>
> ... Ed Buck, a West Hollywood animal advocate who helped bring together the people and pieces that made this ban possible, says ALDF's help was invaluable. "Very often, the people in the political arena who want to resist change say, 'Oh, I'd like to do that too, but it's not legal.' So we called Stephan and said, 'We know they are going to tell us this is a great idea, it's the humane thing to do, but you'll get shot down by the commerce clause or something else.' **Stephan did some homework and provided a brief that eliminated all the potential arguments before they raised them, thus clearing the way to get this passed."**

ALDF, "West Hollywood Bans Fur," Sept. 26, 2011 (posted), publicly available at http://aldf.org/press-room/press-releases/west-hollywood-bans-fur/ (*last accessed Nov. 26, 2013*) (emphasis added). Indeed, under the circumstances, Mayfair may serve a subpoena *duces tecum* on ALDF, and, possibly seek a Rule 30(b)(6) deposition from it given its apparent knowledge of facts pertinent to the Ordinance.

HSUS, too, has a strong bias toward seeing that the Ordinance is upheld. HSUS has a history of supporting the West Hollywood City Council's legislation on the treatment of animals. *See* Feb. 2, 2010 HSUS Press Release (noting that HSUS's president and CEO spoke at a West Hollywood City Council meeting in support of a West Hollywood ordinance that would ban the sales of dogs and cats at retail pet stores).[2] HSUS admits that its "core mission includes eliminating the cruelty associated with the production and sale of fur products." HSUS Mot. For Leave at 3. HSUS admits that it "is a supporter of the ordinance Plaintiff challenges." HSUS admits that it has engaged in multiple efforts to stop the use of fur in wearing apparel. *See id.* at 4.

In addition to supporting the City Council's effort to adopt legislation on the treatment of animals, HSUS has policed the City to investigate compliance with a

---

[2] This HSUS Press Release is publicly available at http://www.humanesociety.org/news/press_releases/2010/02/w_hollywood_bans_retail_dog_cat_sales_020210.html (*last accessed Dec. 3, 2013*).

fur-related law, specifically a fur labelling law. *See* Apr. 10, 2012 HSUS press release ("[HSUS] revealed that popular Los Angeles area boutique Kitson recently sold three different items as 'faux fur' that were actually real animal fur.");[3] HSUS Mot. For Leave, Decl. of P. Grybowski, ¶ 9. HSUS's West Hollywood policing efforts further shows its bias in support of restrictions on the use of fur and against retailers who sell fur clothing products in West Hollywood.

### B. Mayfair Opposes ALDF and HSUS's Participation As *Amici*

The second factor – whether there is opposition to the proposed amicus's participation in the case – also weighs against granting the Motions for Leave. Plaintiff Mayfair House opposes both ALDF and HSUS's participation as *amici*. *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (cautioning that where joint consent of the parties to the case is lacking, a court should "go slow in accepting, and even slower in inviting an *amicus* brief" unless the *amicus* has special interest that justifies having a say, or existing counsel may need assistance).

### C. West Hollywood's Counsel Does Not Need ALDF or HSUS's Assistance

The third factor weighs heavily against granting the Motions for Leave. Without question, West Hollywood's counsel is more than competent to address the issues raised by the Motion to Dismiss that West Hollywood's counsel in this case prepared and filed on behalf of West Hollywood positing that Mayfair's First Amended Complaint should be dismissed for failure to state a claim. In this regard, the website of the Jenkins & Hoggin firm, which is West Hollywood's counsel in this case, notes that the firm:

- "specializes in the practice of municipal law[;]"

---

[3] This HSUS Press Release is *publicly available at* http://www.humanesociety.org/news/press_releases/2012/04/kitson_sold_animal_fur_as_faux_04 1012.html (*last accessed* Dec. 3, 2013).

- "is a team of lawyers who have devoted their careers to representing public entities[;]"

- "currently serves as city attorney for the cities of [West Hollywood and nine other California cities] [and] as General Counsel for the South Bay Cities Council of Governments and the Westside Cities Council of Governments . . . [;]" and,

- "also serves as special counsel to various cities and other public agencies throughout California."

See http://www.localgovlaw.com/about/default.asp (*last accessed* Nov. 26, 2013). Given the extensive experience of counsel for West Hollywood concerning California municipalities, the only reasonable conclusion is that West Hollywood's counsel is "capable of making arguments without the assistance of an *amicus*" in this case in defense of West Hollywood's fur ban Ordinance.

Similarly, ALDF and HSUS's proposed *amici* briefs offer explanations about the Ordinance that neither West Hollywood nor its counsel needs any help in making. For example, both ALDF and HSUS attempt to explain what the purpose of the *City's* Ordinance is. See ALDF Proposed Amicus Br., at Dckt. #35, Ex. A, p. 4-5; HSUS Proposed *Amicus* Br. [Dckt. # 29-1] at 4-5. Similarly, HSUS attempts to explain what the relationship is between that purpose and the classifications drawn by the Ordinance. See HSUS Proposed *Amicus* Br. [Dckt. # 29-1] at 4-5, 19-21. Certainly West Hollywood's counsel can explain these aspects of the Ordinance without any assistance of ALDF or HSUS – because West Hollywood, not ALDF or HSUS, promulgated the Ordinance and because West Hollywood's counsel in this litigation served (and continues to serve) as West Hollywood's City Attorney and advised West Hollywood on preparation of the Ordinance.

### D. Neither ALDF nor HSUS's Participation Will Assist The Court In Addressing West Hollywood's Motion to Dismiss

The fourth and fifth factors strongly militate against granting HSUS leave to file its proposed amicus brief in support of West Hollywood's Motion to Dismiss

because, in short, neither ALDF nor HSUS's proposed *amicus* brief will add anything useful with respect to either the factual or legal issues raised by that Motion to Dismiss.

HSUS contends that it should be granted leave to submit its proposed *amicus* brief because, in part, HSUS "brings to this lawsuit a specialized understanding and insight into relevant . . . factual issues" as HSUS allegedly has "an unparalleled depth of knowledge about the animal welfare issues implicated in the production and sale of fur apparel." See HSUS Mot. For Leave at 3. Even assuming *arguendo* that HSUS has such factual knowledge, it is unquestionably irrelevant and useless to the Court in deciding West Hollywood's Motion to Dismiss. That is because the Court must take all factual allegations in the First Amended Complaint and reasonable inferences from those as true when deciding a Rule 12(b)(6) motion to dismiss. In addition, how animals might be treated in the fur apparel production process is irrelevant to the claims in the First Amended Complaint. Those claims go to whether the City or the State has the power under the California Constitution to legislate in the area in which the Ordinance regulates (First Am. Compl., First and Second Claims for Relief), whether the terms of the Ordinance are impermissibly vague in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution (*id.*, Third Claim for Relief), and whether the Ordinance creates impermissible classifications in violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution (*id.*, Fourth Claim for Relief).

Both ALDF and HSUS contend that they have legal knowledge pertaining to issues in the case that will assist the Court. See ALDF Mot. For Leave at 2-3; HSUS Mot. For Leave at 3. They are wrong. As noted above, West Hollywood's counsel is more than competent to educate the Court on the legal issues raised by Motion to Dismiss that it prepared and filed for West Hollywood. Furthermore, the fundamental legal issues in this case, and that are raised by West Hollywood's

PLAINTIFF MAYFAIR'S CONSOLIDATED OPPOSITION TO HSUS AND ALDF'S MOTIONS FOR LEAVE TO FILE *AMICI CURIAE* BRIEFS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Motion to Dismiss, concern the division of legislative authority between local and state governments in California, whether the terms of the Ordinance are impermissibly vague, and if the Ordinance creates impermissible classifications. These are the kinds of legal issues with which courts grapple routinely without the need for any sort of expert legal opinion. To be sure, some of these legal issues might touch on laws pertaining to the treatment of animals. However, any issues under those laws should be ancillary to the fundamental issues and, in any case, do not involve esoteric subject matter to the extent that the Court would need expert help to be able to comprehend those laws – much less "expert" help from biased sources like ALDF and HSUS.

Neither ALDF nor HSUS's proposed *amicus* brief will assist the Court for another reason: they both duplicate West Hollywood's Motion to Dismiss in sum and substance. *See Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term '*amicus curiae*' means friend of the court, not friend of a party."). *Accord* Adv. Comm. Note to 9th Cir. Local R. App. P. 29-1 ("Movants [for leave to file an amicus brief] are reminded that the Court will review the amicus curiae brief in conjunction with the briefs submitted by the parties, so **that amici briefs should not repeat arguments or factual statements made by the parties**.") (emphasis added).

For example, ALDF's proposed *amicus* brief and West Hollywood's Motion to Dismiss both posit that the Ordinance does not run afoul of Art. IV, § 20 of the California Constitution and is not preempted by the State's Fish and Game Code, and, in doing so, both papers rely on substantially the same points and decisions for support. *E.g., compare* Mot. To Dism. Mem. at 15-16 (contending that state law

does not pre-empt the Ordinance because, even if the Ordinance does encroach on areas occupied by state law, its effects in that regard are only incidental) *with* Proposed Amicus Br. at 8-9 (same). By way of another example, West Hollywood's Motion to Dismiss and HSUS's proposed *amicus* brief similarly describe the purpose of the Ordinance and both similarly contend that such purpose demonstrates that the Ordinance does not fall within the State Legislature's exclusive authority to legislate on the subject of wildlife under Art. IV, § 20 of the California Constitution. *Compare* Mot. To Dism. Mem. at 6-7 *with* HSUS Proposed *Amicus* Br. [Dckt. # 29-1] at 4-5. And, by way of a third example, HSUS and the City similarly argue that the Ordinance is not impermissibly vague in light of guidance issued about it by the City. *Compare* Mot. To Dism. Mem. at 18-20 *with* HSUS Proposed *Amicus* Br. at 11-13.

## CONCLUSION

For the foregoing reasons, Plaintiff Mayfair House respectfully submits that both ALDF and HSUS's respective Motions for Leave to file an *amicus curiae* brief should be denied.

DATED: December 5, 2013            KELLEY DRYE & WARREN LLP

By: /s/David E. Fink
    Michael J. O'Connor
    David E. Fink
    Laurence J. Lasoff (*pro hac vice*)
    Ira T. Kasdan (*pro hac vice*)
    Joseph D. Wilson (*pro hac vice*)

Attorneys for Plaintiff Mayfair House Inc.